380 So.2d 246 (1980)
Johnny Lee NETTLES
v.
STATE of Mississippi.
No. 51635.
Supreme Court of Mississippi.
February 27, 1980.
Travis T. Vance, Jr., Vicksburg, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BROOM and COFER, JJ.
COFER, Justice, for the Court:
The appellant Johnny Lee Nettles was tried in the Circuit Court of Warren County on an indictment charging him with being an habitual criminal. Mississippi Code Annotated, section 99-19-83 (Supp. 1979). The particular charge was aggravated assault. He was convicted and sentenced as an habitual criminal.
On appeal he assigned errors, which he has discussed in three propositions two of which he has orally argued. These are:
1. The lower court erred in failing to allow the trial attorney to withdraw as attorney for appellant where the trial attorney proclaimed to the court that he could not adequately represent the appellant, and the appellant blurted out in court before the jury his dissatisfaction with his trial attorney. The lower court should have allowed the appellant further time to hire adequate assistance of counsel for his trial defense.
2. The appellant has a constitutional right to a limiting instruction upon the prior convictions entered into evidence upon the charge of habitual criminal under the due process clause of the Fourteenth Amendment of the Constitution of the United States. The appellant's trial attorney failed to secure due process of law for the appellant when he did not prepare and submit to the court an instruction admonishing the jury not to consider the appellant's prior convictions as evidence of the substantive crime. The lower court likewise failed to provide the appellant with due process of law where it did not request such an instruction or give the instruction on its own initiative. The appellant is entitled to a reversal of the verdict and sentence.
An examination of the first of these alleged errors and of the record leads us to the conclusion that it is without merit.
We acknowledge that real differences arise between litigants and their attorneys, but are of the view that such differences appearing at the last minute before the beginning of the trial must necessarily be examined for good faith or efforts thereby *247 to procure a continuance. Although the defendant gave expression to his unhappiness with his employed trial attorney, thereafter excellent cooperation between them appeared, and in disposing of post-conviction matters, the judge commented complimentarily upon the attorney's services and the appellant's cooperation with him.
The granting of a delay in this case was addressed to the sound discretion of the Court. Burnett v. State, 285 So.2d 783 (Miss. 1973). We do not find that denial of delay was an abuse of the court's discretion. The present case might be summarized in an excellent manner in the words of this Court in Evans v. State, 273 So.2d 495 (Miss. 1973):
It must be concluded that Evans was guilty and that he had no bona fide defense and that his tactics with reference to counsel were not in good faith but were purposely obstructive and intended to disrupt and delay the judicial process. Evans' guilt of the offense charged was overwhelmingly established by the evidence.
(273 So.2d at 499).
The second of these propositions is not without difficulty, but we conclude that appellant was not deprived of any of his constitutional rights in the trial.
The trial was in a single stage, and the aggravated assault charge and the habitual criminal charge were tried together. As a part of the state's proof, there were introduced documentary evidences of appellant's indictments and convictions in cases of rape, manslaughter, and furnishing false information, upon which the habitual criminal conviction was sought and based.
At the conclusion of the state's case, the defendant-appellant took the witness stand, and on direct examination, testified freely as to the offenses made a part of the indictment, and as freely admitted on cross examination numerous convictions of other offenses carrying lesser penalties.
No cautionary or limiting instruction was requested informing the jury that it was not to consider the defendant's prior convictions as evidence of the substantive charge of aggravated assault. Appellant argues that the failure so to instruct the jury operated a denial to him of due process of law, and that to insure him of his constitutional protection, the Court, on its own motion, should have instructed the jury on the purpose of evidence of prior convictions.
In Newell v. State, 308 So.2d 71 (Miss. 1975), we authorized instructions by the court on its own motion, but we held there that the trial judge would not be put in error if he failed to instruct on a point of law on which he was not specifically requested in writing to instruct. Appellant argues that his right to have the jury instructed on this weighty constitutional issue rises above our declining to hold as error the Court's failure here to instruct the jury.
In Kentucky v. Whorton, 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979), the Court was considering the failure of the trial court to give an instruction on the presumption of innocence which the Supreme Court of Kentucky considered to be constitutionally indispensable in a criminal trial. The United States Supreme Court, however, said in reversing the case,
In short, the failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Under Taylor, such a failure must be evaluated in light of the totality of the circumstances  including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors  to determine whether the defendant received a constitutionally fair trial.
(441 U.S. at 789, 99 S.Ct. at 2090, 60 L.Ed.2d at 643).
We view that the quotation from the Whorton decision may be equally and as wisely applied to the set of facts here.
In United States v. Barnes, 586 F.2d 1052 (5th Cir.1978), the trial court's failure to instruct the jury that evidence of the defendant's prior drug transactions could be used only to show his state of mind rather *248 than to show that he was of bad character came under review, and the court held, in part:
Plain error appears only when the impeaching testimony is extremely damaging, the need for the instruction is obvious, and the failure to give it is so prejudicial as to affect the substantial rights of the accused. United States v. Garcia, 530 F.2d 650, 656 (5th Cir.1976), citing Upham v. United States, 328 F.2d 661 (5th Cir.1964).
(586 F.2d at 1058).
We do not undertake to determine what influenced the appellant's counsel not to request the cautionary instruction. He probably considered that it would be wiser not to emphasize the evidence of the former convictions by instructing the jury on them. United States v. Barnes, supra, 1058-1059.
We affirm the conviction and sentence.
The one-stage trial had for its authority this Court's decision in Lay v. State, 310 So.2d 908 (Miss. 1975).
Since that time, this Court has approved, on August 10, 1979, the Mississippi Uniform Criminal Rules of Circuit Court Practice, of which Rule 6.04 reads as follows:
Procedure for proof of prior convictions under the habitual criminal statute.
In cases involving enhanced punishment for subsequent offenses under the Habitual Criminal Statute [Miss. Code Ann. § 99-19-83 (Supp. 1978)]:
(1) The indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous felonies, the state or federal jurisdiction of previous conviction, and the date of judgment.
The indictment shall not be read to the jury.
(2) Separate trials shall be held on the principal charge and on the charge of previous convictions. In the trial on the principal charge, the previous convictions will not be mentioned by the state or the court except for impeachment purposes.
(3) If the defendant is convicted on the principal charge, a hearing before the court will then be conducted on the previous convictions.
Davis and Brooks v. State, 377 So.2d 1076 (Miss. 1979), was an appeal from a life conviction resulting from a single-stage trial. We there took note of the circuit court rule next above set out, and directed the attention of trial courts thereto, "which supersedes our opinion in Lay v. State, 310 So.2d 908 (Miss. 1975)."
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.