# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CP-01705-SCT

*JOHNNY LEE NETTLES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/04/1998 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | G. GILMORE MARTIN |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION |
| DISPOSITION: | AFFIRMED - 10/14/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/04/99 |

**BEFORE PITTMAN, P.J., MILLS AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE AND FACTS

¶1. On November 30, 1978, Johnny Lee Nettles was convicted of aggravated assault and was sentenced to life imprisonment without eligibility for parole as an habitual offender pursuant to Miss. Code Ann. § 99-19-83 (1994). Nettles' conviction as an habitual offender was affirmed by this Court in **Nettles v. State**, 380 So. 2d 246 (Miss. 1980). Nettles thereafter filed numerous petitions for post-conviction collateral relief, all of which were denied. Nettles now appeals the trial court's denial of his most recent petition under Miss. Code Ann. § 47-5-139 (Supp. 1999). The trial court found that Nettles was ineligible for release under the cited code section.

## DISCUSSION

## I. DID THE LOWER COURT ERR IN FINDING NETTLES INELIGIBLE FOR RELEASE UNDER MISS. CODE ANN. § 47-5-139 (SUPP. 1999)?

¶2. Nettles contends that the lower court erred in finding him ineligible for release under Miss. Code Ann. § 47-5-139 (Supp. 1999). This section, which allows for the conditional release of certain inmates, states in pertinent part: "An inmate shall not be eligible for the earned time allowance if . . . [t]he inmate was convicted as a habitual offender under Sections 99-19-81 through 99-19-87 . . . ." *Id.* § 47-5-139(1)(b).

¶3. Nettles was convicted on November 30, 1978, as an habitual offender pursuant to Miss. Code Ann. § 99-19-83. As such, by plain statutory language, he is not entitled to the relief he seeks. Therefore, the trial court did not err in denying his petition.

## CONCLUSION

¶4. The judgment below denying Nettles' petition for post-conviction relief is affirmed.

**¶5. AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND COBB, JJ., CONCUR.**