**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 1998-KA-01889-SCT**

*KENYATTA HENTON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/10/1998 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENNETH BRIDGES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | DOUGLAS EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 12/16/1999 |
| MOTION FOR REHEARING FILED: | 12/23/99; denied 2/10/2000 |
| MANDATE ISSUED: | 2/17/2000 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Kenyatta Henton was tried and convicted of aggravated assault and possession of a firearm by a convicted felon. He was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections on the aggravated assault charge and three years on the possession charge, the sentences to run consecutively. Aggrieved by the trial court's judgment, Henton appeals to this Court, assigning four issues for review. Only two of these issues are worthy of discussion, but they do not constitute reversible error.

## STATEMENT OF THE FACTS

¶2. On September 15, 1998, Demond Lewis Hill was shot in the neck at Dean Park in Winston County, Mississippi.

¶3. Willie Colston saw Hill drive a blue vehicle into Dean Park shortly before the shooting. Colston observed Henton approach the vehicle, reach inside, and strike Hill. Hill then turned his vehicle around and ran over Henton, who was blocking Hill's exit route from the park. Henton then began shooting at Hill.

¶4. According to Hill, once he arrived at Dean Park, Henton flagged him down, reached inside the vehicle and struck him in the mouth with his fist. Hill then turned his vehicle around and attempted to leave the park. He noticed Henton standing in the road with a revolver. After he passed Henton, he heard 5 or 6 gunshots and was struck by a bullet in the neck. Hill denied running over Henton with his vehicle. Hill admitted that, although he had told Officer Clark that Henton shot him, he actually did not see who shot him.

¶5. Robert Harrison was at Dean Park on the day of the shooting, and, while he did not see Henton with a weapon, he did see Marcus Henton, the Appellant's brother, with a gun. Once he heard the gunshots, he tried to hide and did not see who was firing a gun. Although Harrison gave a signed statement to Officer Clark naming Henton and another brother, Charles Henton, as the individuals who shot at Hill, he maintained at trial that he did not see Henton with a gun.

## DISCUSSION

### I. THE LOWER COURT COMMITTED ERROR IN FAILING TO GIVE A *SUA SPONTE* LIMITING INSTRUCTION CONCERNING HENTON'S PRIOR FELONY CONVICTION.

¶6. To prove the charge that Henton was a convicted felon in possession of a firearm, the State introduced into evidence a certified copy of Henton's felony conviction for intimidating a witness. Later, the State cross-examined Henton on his prior conviction:

BY MR. HORAN (for the State):

Q. Are you the same Kenyatta Henton that was convicted in this courtroom for intimidating a witness?

BY MR. HENTON:

A. Yes, sir.

Q. A witness in a criminal case; right?

A. Yes, sir.

Q. You intimidated a witness, tried to get them to change their testimony, didn't you?

A. Yes, sir.

BY MR. BRIDGES (for the defense): Your Honor we are going to object to him going into anything about the charges.

BY THE COURT: You can't do that.

¶7. Citing *McLemore v. State,* 669 So. 2d 19 (Miss. 1996) and *Smith v. State*, 656 So. 2d 95 (Miss. 1995), Henton argues that the trial court should have instructed the jury sua sponte to limit its consideration

of the evidence of his prior conviction for the particular purpose for which it was offered. However, those cases are different from the one here because there the prosecutor was purportedly using the prior conviction to attack the defendant's credibility under M.R.E. 609 and to show motive under M.R.E. 404(b), respectively. Here, the prosecutor was not proceeding under either evidentiary rule. Instead, he introduced the prior conviction to prove an element of the State's case.

¶8. *Nettles v. State*, 380 So. 2d 246 (Miss. 1980) is analogous to the instant case. In *Nettles*, the State put on proof of Nettles' prior convictions to show that he was an habitual offender pursuant to Miss. Code Ann. § 99-19-83 (Supp. 1979). As here, no limiting instruction was requested. On appeal, Nettles argued that the court's failure to instruct the jury sua sponte that it was not to consider Nettles' prior convictions as evidence of the charge of aggravated assault denied him due process. *Id.* at 247. We found no error in either the defense counsel's failure to request the instruction or the trial court's failure to sua sponte give the limiting instruction. We noted, "[S]uch a failure must be evaluated in light of the totality of the circumstances-including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other related factors . . . ." *Id.* (quoting ***Kentucky v. Whorton***, 441 U.S. 786, 789, 99 S. Ct. 2088, 2090, 60 L. Ed. 2d 640 (1979)). After carefully reviewing the record, we find the sufficiency and weight of the evidence requires us to find no reversible error in the trial court failing to issue a limiting instruction, sua sponte.

### II. THE LOWER COURT COMMITTED ERROR IN DENYING HENTON'S MOTION FOR A MISTRIAL WHEN THE STATE, IN ITS CLOSING ARGUMENT, SUGGESTED THAT HENTON'S PRIOR FELONY CONVICTION WAS SUBSTANTIVE EVIDENCE OF HIS ALLEGED GUILT.

¶9. Henton contends that the State, during closing statements, improperly argued that his prior conviction for intimidating a witness was substantive evidence of his guilt for the crimes in which he was on trial, warranting a mistrial. The following discourse took place:

> MR. MALLETTE (for the State): You saw some witnesses get up here and testify as to what they saw and what they didn't see, and there may have been some witnesses-you saw Willie Colston. He seemed a little reluctant to say anything to anybody about what happened, and I guess I can understand that. We cannot choose the circumstances around us where we always find ourselves to be. I can't choose what happens in and around me everywhere I go just like nobody in that park could have that night. You know, and based on the Defendant's prior history in this court, I can kind of understand why anybody would be reluctant.

> But look at the evidence and know that they way reality affects their testimony just considering-

> MR. BRIDGES (for the defense): Your Honor, we are going to have to go in chambers in a second.

> THE COURT: What about?

> MR. BRIDGES: We have a motion.

> THE COURT: Okay. Be right back.

> [IN CHAMBERS]

MR. BRIDGES: Comes now the Defendant and moves for a mistrial in this cause of action and would use as grounds for mistrial that Assistant District Attorney, Mickey Mallette, has insinuated and discussed before the jury that the reason why Colston may be reluctant testifying is because of the Defendant's past history in this court where he has already put into evidence that he has pled guilty to intimidating a witness, and there is absolutely no evidence in this case that this witness was intimidated by the Defendant. And this statement is highly prejudicial, and we move for a mistrial.

MR. HORAN (for the State): Your Honor, he just made the statement.

MR. BRIDGES: Yes, sir, but his intent and you know it.

THE COURT: Well, the bottom line is the man has been convicted of intimidating a witness.

MR. HORAN: It is before the jury.

THE COURT: Right, but I'm going to tell y'all again now; let's stay off of that. Y'all only get to prove the fact that he has been convicted, you know.

MR. MALLETTE: All right.

THE COURT: The motion is overruled.

¶10. "Whether to declare a mistrial is committed to the sound discretion of the trial court." *Jackson v. State*, 666 So. 2d 784, 794 (Miss. 1995) (citing *Brent v. State*, 632 So. 2d 936, 941 (Miss. 1994)). "Trial courts are allowed considerable discretion to determine whether or not the conduct of an attorney in argument is so prejudicial that an objection should be sustained or a new trial granted." *Harvey v. State*, 666 So. 2d 798, 801 (Miss. 1995) (citing *Edmond v. State*, 312 So. 2d 702, 705 (Miss. 1995)). "The test to make such determination is whether the natural and probable effect of improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by prejudice." *Harvey*, 666 So. 2d at 801 (citing *Johnson v. State*, 596 So. 2d 865, 869 (Miss. 1992)). Prosecutors are afforded the right to argue facts which are in evidence or inferable from that evidence. *Tubb v. State*, 217 Miss. 741, 744, 64 So. 2d 911, 912 (1953).

¶11. Here, the prosecutor suggested that he could understand the reluctance of Colston to testify given Henton's prior history of intimidating witnesses. Indeed, a careful review of the record indicates an initial apprehension by Colston to testify to the details surrounding the shooting. However, the prosecutor's remarks can be seen as an attempt to imply impermissibly that Henton is the type of person who would commit the crimes for which he was on trial. Albeit improper, the comment does not constitute reversible error. First, prior to closing arguments, the trial court instructed the jury that counsel's closing arguments were not evidence and that argument that had no basis in evidence should be disregarded. *See Davis v. State*, 660 So. 2d 1228, 1248 (Miss. 1995). Secondly, the evidence of Henton's guilt is overwhelming considering Colston's eyewitness testimony. We therefore find the comment to be "sufficiently insignificant" in the overall context of the case. *See Chisolm v. State*, 529 So. 2d 635, 640 (Miss. 1998). Accordingly, this point of error is without merit.

## CONCLUSION

¶12. For the foregoing reasons, the judgment of the Winston County Circuit Court convicting Henton of

aggravated assault and possession of a firearm by a convicted felon is affirmed.

¶13. **COUNT I: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. COUNT II: CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE (3) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., SMITH, MILLS AND COBB, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND McRAE, J.**

**BANKS, JUSTICE, DISSENTING:**

¶14. The prosecutor's statement during closing argument suggests that the defendant intimidated Willie Colston, a witness in this case. Specifically, the prosecutor intimates that the defendant's prior conviction for intimidating a witness was applicable in the case before the trial court. The prosecutor's comment used evidence of a prior conviction for an invalid purpose. I, therefore, dissent.

¶15. Henton's prior conviction could be admitted by the trial court for impeachment purposes. M.R.E. 609. Also, it is quite proper and necessary for the State to introduce the prior conviction to show that Henton was a prior felon to prove Count III, possession of a firearm by a convicted felon. However, the prosecutor in closing arguments mentioned the prior conviction, or defendant's past history before that court, for the purpose of showing that the defendant may have intimidated a witness in this case. A review of the closing argument reveals an attempt by the State to suggest intimidation of a witness in this case, based on Henton's prior conviction. The State argues that (a) because Henton had previously intimidated a witness in a criminal case, (b) it was likely that he intimidated Colston (c) in an attempt to cover up the criminal acts for which he was being tried. The State impermissibly suggested that Henton had the propensity to commit the crime for which he was previously convicted, in the case for which he was being tried.

¶16. Henton's counsel objected to the comment and moved for a mistrial. The trial judge overruled defense counsel's objection. However, commenting on the prosecutor's improper comment, the trial court stated "let's stay off of that, Y'all only get to prove the fact that he has been convicted, you know." The prosecutor's statement implied that, in accordance with his past history before the court, Henton could have intimidated Colston. This is error. *Ford v. State,* 555 So. 2d 691, 695 (Miss. 1989) ("[U]nder no circumstances could the jury consider evidence that an act done at one time or on one occasion as any evidence or proof of whatever that a similar act was done at another time.")

¶17. The conviction here at issue was introduced for the limited purpose of impeachment. Where convictions are introduced for such a limited purpose the parties are expected to abide by that purpose. Indeed, it is incumbent upon the court to instruct the jury regarding the limited purpose for the introduction of the evidence and limit the jury's consideration to that purpose. *Smith v. State,* 656 So. 2d 95, 102 (Miss. 1995) (holding that a limiting instruction is required where evidence of a prior conviction is admitted over objection ); *Pugh v. State*, 584 So. 2d 781, 786 (Miss. 1991) (Pugh's credibility was at issue, and the jury should have been instructed that his prior convictions were only to be considered for the purpose of attacking his credibility); *Peterson v. State*, 518 So. 2d 632, 638 (Miss. 1987). It would be an anomaly to

allow the parties to argue another purpose.

¶18. Colston was the only witness who could give direct testimony that Henton fired the weapon. The prosecutor sought to explain Henton's demeanor by reference to the prior conviction for witness tampering. I cannot say that, given the importance to Colston's testimony, the error was harmless. Because of the potential effect of the state's improper closing argument, this case should be reversed and remanded for a new trial.

**SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.**