WALLER, CHIEF JUSTICE, DISSENTING:
 

 ¶ 201. Because the prosecution's mischaracterizations of the evidence during closing arguments affected Flowers's fundamental right to a fair trial, I respectfully dissent.
 

 ¶ 202. Prosecutors are afforded the right to argue facts that are in evidence.
 
 Henton v. State
 
 ,
 
 752 So.2d 406
 
 , 409 (¶ 11) (Miss. 1999). "However, arguing statements of fact that are not in evidence or necessarily inferable from it which are prejudicial to the defendant is error."
 
 Dancer v. State
 
 ,
 
 721 So.2d 583
 
 , 589 (¶ 31) (Miss. 1998). As discussed by Justice King, the prosecution in this case mischaracterized evidence during closing arguments. Two of those misstatements-the timing of Sam Jones's arrival at Tardy's and Flowers's motive-the prosecution similarly used in
 
 Flowers II
 
 , where we found reversible error.
 
 Flowers v. State
 
 ,
 
 842 So.2d 531
 
 , 555 (¶ 71) (Miss. 2003) (
 
 Flowers II
 
 ).
 

 ¶ 203. While it is true that fourteen prosecutorial misstatements were alleged in
 
 Flowers II
 
 as opposed to only four misstatements in the case
 
 sub judice
 
 , this Court uses heightened scrutiny when the death sentence is imposed.
 
 Cox v. State
 
 ,
 
 183 So.3d 36
 
 , 44 (¶ 17) (Miss. 2015). "This higher level of scrutiny requires that all doubts be resolved in favor of the accused because 'what may be harmless error in a case with less at stake becomes reversible error when the penalty is death.' "
 
 Bennett v. State
 
 ,
 
 933 So.2d 930
 
 , 939 (¶ 17) (Miss. 2006) (citations omitted). Applying heightened scrutiny, I find plain error in the prosecution's mischaracterizations, particularly given our admonishments in
 
 Flowers II
 
 . Therefore, I would reverse the judgment in this case and remand for a new trial.
 

 KITCHENS, P.J., AND ISHEE, J., JOIN THIS OPINION.