666 So.2d 798 (1995)
Oberlin HARVEY
v.
STATE of Mississippi.
No. 93-KA-00022-SCT.
Supreme Court of Mississippi.
December 14, 1995.
*799 David H. Linder, Hamilton & Linder, Meridian, for Appellant.
Michael C. Moore, Attorney General and Scott Stuart, Sp. Asst. Attorney General, Jackson, for Appellee.
EN BANC.
SMITH, Justice, for the Court:
Oberlin Harvey was convicted of aggravated assault in the Circuit Court of Lauderdale County for shooting Samuel Pritchett in the leg and knees. Pritchett subsequently identified Harvey as the person who shot him. Harvey claimed as his alibi that he was in Florida at the time. The State's witness in rebuttal, Betty Jean Brown, who lived in the housing project where the shooting occurred, testified that during the time Harvey claimed to have been in Florida, she had seen him in the housing project in Meridian. Brown was also allowed to testify that she received a threat that she would not live to give her testimony. The trial court ruled the threat admissible for the limited purpose of showing Brown's state of mind, not for the truth of the matter asserted. During closing argument, the State commented beyond the record regarding the threat against Brown.
The jury convicted Harvey and the trial court sentenced Harvey to serve a term of twenty years in the custody of the Mississippi Department of Corrections and pay restitution in the sum of $13,793.13, plus court costs. Harvey's post-trial motions were denied. Aggrieved, Harvey appeals to this Court citing two issues for our consideration:
WHETHER OR NOT THE COURT COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED BETTY BROWN TO TESTIFY THAT SHE HAD BEEN TOLD SHE WOULD NOT LIVE TO TESTIFY?
WHETHER OR NOT THE COURT COMMITTED REVERSIBLE ERROR WHEN IT ENTERED RULINGS ON OBJECTIONS BY BOTH PARTIES DURING CLOSING ARGUMENT?
Harvey claims that Brown's testimony was clearly hearsay and contrary to the trial court's limitation and offered solely by the State for the truth of the matter asserted. While M.R.E. 801(c) allows for the exception that Brown's testimony was offered, as being specifically limited to show her state of mind of being in fear when she testified, this Court, although bothered by the State's procedure, need not address the issue. Harvey failed to raise this specific issue at trial and is thus procedurally barred.
Harvey's second issue, however, concerning the State's improper closing argument is meritorious. The prosecutor, in closing argument, crossed the line and proceeded outside of the record of the trial court's limited purpose in allowing Brown's testimony about the threat she had received on Tuesday night prior to her testimony. The State's evidence failed to directly or indirectly link Harvey to the threat against Brown. While an inference could have been drawn by the jury had the prosecutor stayed within the record, that is not what occurred. This *800 Court finds that such closing argument's natural and probable effect was to create unjust prejudice against Harvey which resulted in a jury verdict influenced by such prejudice. We must reverse and remand the case for a new trial.

FACTS
Oberlin Harvey was charged with aggravated assault due to shooting Samuel Pritchett in the leg and knees during a chance meeting of the two on December 28, 1991, as Pritchett was walking through a housing project in Meridian. Pritchett heard people arguing. He approached a group of people and asked what was occurring. A man responded, asking Pritchett what his problem was. It was dark and Pritchett did not know the man, so he moved closer. Pritchett and the man got into an argument. When the man pulled a gun and aimed at Pritchett, Pritchett promptly turned and walked away. The man shot Pritchett in the legs, then got in a car and drove away.
Approximately one month after the shooting, Pritchett identified Harvey as his attacker from a six to eight photograph line-up at the police station. Pritchett also identified Harvey at trial as the man who had shot him.
Harvey produced alibi witnesses who testified that he was in Boynton Beach, Florida from December 23, 1991 through January 2, 1992. The witnesses all stated specifically that Harvey was in Florida on December 28, 1991, at the time of the shooting.
In rebuttal, the State called Betty Jean Brown who lived in the housing project where the shooting occurred. Brown testified that she saw Harvey in her apartment building between Christmas of 1991 and January 1, 1992. Brown also testified that a man had threatened her on Tuesday night in a telephone call that she would not live to testify on Thursday. Harvey argued that Brown's testimony about the threat was hearsay, thus inadmissible. Brown's testimony about the threat was offered and admitted into evidence over the objection of defense counsel for the limited purpose of showing Brown's state of mind as being fearful when she testified. The jury found Harvey guilty of aggravated assault.

STANDARD OF REVIEW
Generally, the admissibility of evidence rests within the trial court's discretion. Baine v. State, 606 So.2d 1076, 1078 (Miss. 1992).

DISCUSSION OF LAW

I.
Harvey's first issue concerns the rebuttal testimony of Brown. Brown's testimony refuted Harvey's three witnesses who placed him in Florida during the time of the shooting. Brown's testimony regarding a threat made to her on Tuesday night prior to the trial commencing on Thursday ("Bitch, you won't live to testify on Thursday in court,") was offered by the district attorney for the purpose of showing her state of mind and not for the truth of the matter asserted, thus the statement was not hearsay. Harvey objected, arguing that it was being offered to prove the matter asserted. The statement was allowed by the trial court for the limited purpose of proving the state of mind of Brown.
At trial, Harvey's only ground for objection was that the threat was hearsay. On appeal, Harvey expanded his objection and argues prejudicial effect for the first time. Harvey failed to preserve this issue at trial. Harvey failed to raise the issue of relevancy at trial. Had the issue been properly raised and the trial court ruled the threat to be relevant, Harvey would have been required to claim the statement was more prejudicial than probative. There was no attempt whatsoever by Harvey at trial to claim that Brown's statement was more prejudicial than probative. Harvey cannot now enlarge the hearsay objection to include prejudicial effect of the evidence.
Harvey is subject to a procedural bar on this issue. Chase v. State, 645 So.2d 829, 835 (Miss. 1994), cert denied, ___ U.S. ___, 115 S.Ct. 2279, 132 L.Ed.2d 282 (1995); Foster v. State, 639 So.2d 1263, 1270 (Miss. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1365, 131 L.Ed.2d 221 (1995).

II.
Harvey's second issue concerns the rulings on objection by both parties during closing *801 argument. Harvey's counsel argued that Harvey did not threaten anybody. Next, Harvey argued that the statements were characterized by the prosecutor in his argument so that the jury would infer Harvey was responsible for the threats to Brown.
Trial courts are allowed considerable discretion to determine whether or not the conduct of an attorney in argument is so prejudicial that an objection should be sustained or a new trial granted. Edmond v. State, 312 So.2d 702, 705 (Miss. 1975). The test to make such determination is whether the natural and probable effect of improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by prejudice. Johnson v. State, 596 So.2d 865, 869 (Miss. 1992).
This Court has held that attorneys have a right and duty to deduce and argue reasonable conclusions based upon the evidence, which are favorable to their clients, and they may do so whether the conclusions are weak or strong so long as they are legitimate, and it is the function of the jury to determine the logic and weight of the conclusion. Andrews v. State, 237 Miss. 875, 116 So.2d 749, 752 (1960). The ground for both objections was that the argument was speculation. The trial court has considerable discretion and while it may be a close call, the decision will depend on the facts and circumstances of each case.
The central question this Court must now answer is whether there was abuse of discretion when the trial court sustained the State's objection to Harvey's argument that Harvey did not threaten anybody. The trial court, in essence, ruled that it was a reasonable inference. However, there was no proof in the record that Harvey made the threatening phone call to Brown. Brown's testimony about the threat was not offered for the truth of the matter, but rather, only to show her state of mind at the time as being fearful. A reasonable inference would have been permissible, but only from facts in evidence within the trial court's limited restrictions placed upon the admissibility of the threat against Brown.
During argument, the district attorney stated that he did not know how to prove who was on the other end of the telephone call. The prosecutor stated:
The facts that she testified to, not my speculation, but you will recall probably better than I do. I believe she said a male voice said, bitch, do you want to live to testify, Thursday? Now, if that's not a threat, I've never heard one. That lady came in here and testified in the face of that threat. And you don't think that somebody connected with the defense thought that that was important testimony? They threatened her to keep her from bringing you that testimony.

During the latter part of the prosecutor's statement, he clearly left the record and crossed the line. The State offered no proof that the threat in question was made by Harvey or anyone else on his behalf. The prosecutor's comment of "somebody connected with the defense" and "they threatened her," could be interpreted as referring to Harvey, other defense witnesses, or even defense counsel. The prosecutor should have limited his comments in argument to Brown's state of mind of being fearful at the time she testified. His failure to do so makes the verdict suspect as to whether Harvey received a fair trial.
We hold that the natural and probable effect of the prosecutor's improper argument was to create unjust prejudice against Harvey so as to result in a decision by the jury which this Court cannot say with any degree of certainty was not influenced by prejudice. See Johnson v. State, 596 So.2d 865 (Miss. 1992). The trial court failed to instruct the jury regarding the limited purpose for which Brown's testimony was allowed. The trial court abused its discretion. Accordingly, a fair trial is certainly questionable in this case. The evidence of guilt of aggravated assault by Harvey was certainly more than sufficient. Brown's testimony concerning the threat, allowed for the limited purpose to show her state of mind as being fearful, was properly allowed. The prosecutor should have limited his comments strictly to the record, mentioning only Brown's state of mind as being fearful. Had he done so, this case could have been affirmed.

*802 CONCLUSION

Harvey's expanded hearsay objection to include prejudicial effect was not preserved at trial thus he is procedurally barred on that issue. However, the prosecutor's comments beyond the record, when the trial court had limited Brown's testimony to show her state of mind at the time she was testifying as being fearful, requires this Court to apply the criteria of Johnson. We cannot say with any degree of confidence that the verdict of the jury was not prejudiced because of the prosecutor's extended comments beyond the record. Harvey was entitled to a fair trial, and notwithstanding the overwhelming evidence of guilt, because we cannot safely conclude that the jury's verdict was not prejudiced against Harvey due to of the prosecutor's comments, we must reverse and remand for a new trial.
REVERSED AND REMANDED.
DAN M. LEE, C.J., PRATHER, SULLIVAN, P.JJ., and BANKS, McRAE, JAMES L. ROBERTS, Jr. and MILLS, JJ., concur.
PITTMAN, J., not participating.