HERRING, J., for the Court:
¶ 1. Allen Duane Harvey was indicted for aggravated assault and armed robbery in the Circuit Court of Newton County, Mississippi. He appeals to this Court from his conviction of aggravated assault. Harvey challenges his conviction on the grounds that: (1) the trial court erred in considering jury instructions before the defense rested its case; and (2) the trial court erred in overruling his objection to the State’s closing argument. We find that these assignments of error are without merit, and therefore, we affirm.
A. THE FACTS
¶ 2. Between 12:15 and 12:30 p.m. on January 22,1997, seventy-two-year-old Zara Rick-etts was working alone in her Union, Mississippi business, Zara’s Trash and Treasures. A man, later identified by Ricketts as Harvey, the appellant, entered the business and stated that he wanted to buy a bedroom suite. The two walked to where the bedroom suites were displayed, and the man showed Ricketts which bedroom suite he wanted to purchase. Ricketts asked the man how he wanted to pay for the fúrniture, and he stated that he wanted t'o make the purchase on a “lay away” plan. Ricketts went to the register to get a contract to complete the purchase. After she started filling out the contract, she heard a noise behind her. When she looked up, the man was pointing scissors in her chest. She asked him what he wanted, and he stated that he wanted money. The man grabbed her by the throat, started choking her, and hit her in the mouth. Rick-etts ran toward an office door, but just as she reached the door knob the man grabbed her by the arm tearing her skin. The -assailant then hit her on the ear, threw her against the wall, and kicked her in the chest and rib area. Ricketts testified that as a result of Harvey’s assault on her, she has a scar on her arm, her hearing is permanently damaged, her. eye was damaged, her glasses were broken, some of her ribs were broken, and some of her teeth were knocked out. After the beating, Ricketts passed out. When she awoke, she crawled to the telephone and notified the police. Ricketts was taken to the hospital where she spent five days in the intensive care unit.
¶ 3. Ricketts testified that her cash register was not broken into, but eighty dollars in cash and two thousand dollars worth of checks were taken from her purse.
¶4. During the trial, Harvey vigorously argued that the trial court should not allow Ricketts’s courtroom identification. He based his argument on the fact that during an interview which Ricketts gave after her beating, she stated that her attacker was clean shaven. Harvey had a mustache at the time of his arrest and during the trial. Defense counsel also objected to the courtroom identification on the grounds (1) that since Harvey was the only black man in the courtroom the in-court identification was suspect; (2) that the photographic lineup, conducted by Mike Gunter, with the Union Police Department, and Tommy Waddell, with the Philadelphia Police Department, during which Harvey was identified by Ricketts was unduly suggestive; and (3) since it had been more than ten months since she had seen her assailant, Ricketts’s memory would have surely dimmed. The trial court held extensive conferences, outside the presence of the jury, to decide whether or not to allow Rick-etts’s courtroom identification to be heard by the jury. Ultimately, the trial court determined that Ricketts’s in-court identification of Harvey was a credibility issue and a matter for the jury to resolve. When the trial court seated the jury, Ricketts testified that she had a good view of the man who beat her. She stated that the man was not wearing anything over his face and that the attack took place during daylight hours. Ricketts identified the defendant, Harvey, as her assailant.
¶ 5. Carla Alderson was parked in front of Zara’s Trash and Treasures between 12:15 and 12:30 p.m. on January 22, 1997. The *1052 only other automobile in the lot was a navy blue Toyota Camry. The Camry had no hubcaps on the driver’s side, and the gas tank was taped with duet tape in a backwards “L.” Alderson saw Harvey exit Zara’s Trash and Treasures, drive away in the Camry, and later identified him at the trial.
¶ 6. Harvey also vigorously objected to Alderson’s in-court identification of Harvey on the grounds that (1) Harvey was the only black man in the courtroom; (2) the photographic lineup was extremely suggestive; and (3) that it had been more than ten months since Alderson had seen the man leave Zara’s Trash and Treasures. The trial court allowed both the prosecutor and defense counsel to question Alderson outside the presence of the jury prior to ruling on the admissibility of her identification. Thereafter, the trial court allowed Alderson’s in-court identification to be considered by the jury.
¶ 7. Alderson identified the blue Camry from photographs which the prosecution showed her. She then made an in-court identification of Harvey as the man she saw coming from Zara’s Trash and Treasures between 12:15 and 12:30 p.m. on January 22, 1997.
¶ 8. Chief Investigator Tommy Waddell of the Philadelphia Police Department testified that he was advised to be on the lookout for a blue Camry for the Union Police Department. He found the vehicle in Philadelphia on Carver Avenue. Waddell arrested Harvey a mile from where the Camry was found, shortly after the assault on Ricketts. Joyce Fulton, the Tax Assessor/Colleetor for Nesh-oba County, testified that the license tag found on the blue Camry was registered to Harvey.
¶ 9. Harvey chose not to testify, and the defense rested without presenting any evidence. Following the trial in the Circuit Court of Newton County, the jury found Harvey guilty of aggravated assault, but not guilty of armed robbery. The trial court sentenced Harvey to serve a term of twenty years in the custody of the Mississippi Department of Corrections.
B. THE ISSUES
¶ 10. Harvey appeals and raises the following assignments of error which are taken verbatim from his brief:
I. THE TRIAL COURT ERRED IN REQUIRING CONSIDERATION OF JURY INSTRUCTIONS BEFORE THE DEFENSE RESTED ITS CASE.
II. THE COURT ERRED IN OVERRULING APPELLANT’S OBJECTION TO THE STATE’S CLOSING ARGUMENT, BECAUSE THAT ARGUMENT WAS PREJUDICIAL, AND ASSERTED AS TRUE ALLEGATIONS OF FACT OUTSIDE THE RECORD OR INFERRABLE [Sic] FROM THE RECORD.
C. ANALYSIS
¶ 11. We will discuss each assignment of error in sequence.
I. DID THE TRIAL COURT ERR IN REQUIRING CONSIDERATION OF JURY INSTRUCTIONS BEFORE THE DEFENSE RESTED ITS CASE.
¶ 12. Harvey asserts that in the case sub judice, the trial court required both parties to select and object to jury instructions after the State had presented its case, but before Harvey had presented and rested his case. He argues that this premature consideration may have cut off presentation of evidence by him in contravention of Miss. Const, art. 3, §§ 14, 26; the due process clauses of U.S. Const, amend. V, VI, XIV; and URCCC 3.07, which states “[a]t the conclusion of testimony” the selection of jury instructions shall be considered.
¶ 13. During the trial, after the State rested and the defense moved for a directed verdict, which the court denied, the trial court announced a short recess. Thereafter, the following exchange took place:
By the Court: What do you say to the three instructions offered by the State?
By Defense Counsel: No objection, Your Honor.
By the Court: I have given all except 1 and 2 to the Defendant. Do you have any objections?
By the State: No, sir, no objection.
*1053 By the Court: They are given. Allen Harvey, your attorneys have announced that you will not testify in this case. I want you to understand that if you want to testify, you have that right. It is also your right not to testify. Do you want to testify or not to testify?
By Harvey: I do not.
By the Court: You do not want to testify?
By Harvey: No, sir.
By the Court: All right.
Defense counsel did not object before, during, or after the jury instructions were considered; therefore, Harvey is consequently proeedurally barred on appeal from raising this assignment of error. Handley v. State, 574 So.2d 671, 682 (Miss.1990). A trial judge will not be found in error on a matter not presented to him for decision. Jones v. State, 606 So.2d 1051, 1058 (Miss.1992). The defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal. Gray v. State, 487 So.2d 1304, 1312 (Miss.1986). It is only that rare case where we require reversal despite the failure of counsel to object. Livingston v. State, 525 So.2d 1300, 1309 (Miss.1988) (finding prosecutor’s closing argument comment regarding rape defendant’s failure to testify was fundamental error).
¶ 14. Harvey did not object to the alleged error; thus, we hold that this issue is proeedurally barred from review absent plain error, which we decline to find. Box v. State, 610 So.2d 1148, 1154 (Miss.1992). We also rule that the alleged error does not rise to the level of a due process violation. A close reading of the record indicates that during the recess the trial court was advised that the appellant would not testify in his own defense prior to its consideration of the jury instructions. Thus, Harvey’s contention that he was somehow precluded from fully presenting his case does not appeal' credible. In addition, Harvey made no proffer on the record as to what evidence he would have presented but for the trial court’s premature consideration of jury instructions. We find there is no merit to Harvey’s first assignment of error.
II. DID THE TRIAL COURT ERR IN OVERRULING THE APPELLANT’S OBJECTION TO THE STATE’S CLOSING ARGUMENT?
¶ 15. Harvey also asserts that the prosecuting attorney argued facts which were not in evidence or necessarily inferable from the record and which were prejudicial to the defense. The portion of the closing argument to which Harvey objects is as follows:
Now, he [the defense attorney] says well, they find the Defendant’s car, and then they decide they are going to make a case on the Defendant, because that was his car. But, as Tommy Waddell, the police officer, testified to you, the Defendant was arrested first at a different place, prior to the car being found, and the- car was found abandoned by a park.
Now, what happened in this case is Mrs. Ricketts gave a good detailed description of what this person looked like. Not only that, but when he left the store, Mrs. Alderson was sitting out there in her ear not far from his car, saw him leave the store, was able to get a good look at it, saw the car that he left in, which has an unusual design with that backward “L” duct tape on it, and he was arrested in Neshoba County and charged with this armed robbery, and based upon what the eyewitnesses saw on the day of the robbery, Mrs. Ricketts and Carla Alderson-—
Your Honor, we will object. That’s not what any of the witnesses said was how he was arrested.
Overruled.
(emphasis added).
¶ 16. In closing argument, Harvey’s counsel asserted that Harvey had been arrested for the crime because the authorities determined that the vehicle was registered in his name. The prosecutor denied this allegation arid asserted that Harvey was arrested prior to the vehicle being found and because of the description of him given by both Ricketts and Alderson.
¶ 17. “Trial courts are allowed considerable discretion to determine whether or not the conduct of an attorney in argument is so prejudicial that an objection should be sustained or a new trial granted.” Harvey v. *1054 State, 666 So.2d 798, 801 (Miss.1995) (citing Edmond v. State, 312 So.2d 702, 705 (Miss.1975)). The Mississippi Supreme Court has repeatedly held that the trial judge “is in the best position for determining the prejudicial effect of an objectionable comment.” Alexander v. State, 602 So.2d 1180, 1182 (Miss.1992). “The test to make such determination is whether the natural and probable effect of improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by prejudice.” Harvey, 666 So.2d at 801 (citing Johnson v. State, 596 So.2d 865, 869 (Miss.1992)).
¶ 18. Harvey objected to the district attorney’s allegedly improper remark; however, there was no request for the trial court to admonish the jury to disregard his statement. Where an objection is sustained and “no request is made that the jury be told to disregard the objectionable matter, there is no error.” Marks v. State, 532 So.2d 976, 981 (Miss.1988). Thus, a conviction will not be reversed due to an improper remark during closing argument unless we are convinced the trial court abused its discretion and that the remark improperly influenced the jury and contributed to the verdict. Harvey, 666 So.2d at 801.
¶ 19. The State argues that the essence of the above portion of the prosecution’s argument was that Harvey was arrested because of the description of the car, and that he should be convicted based on that testimony as well as on the eyewitnesses’ identifications of him. We agree.
¶ 20. The record is unclear as to how Harvey was arrested. However, even if the identification of Harvey’s vehicle was the reason Harvey was arrested, we do know that both Ricketts (the victim) and Alderson (who saw Harvey walk from the store between 12:15 p.m. and 12:30 p.m. on the day in question) positively identified Harvey through a photographic lineup and then later identified him at trial. Thus, when, where, or how Harvey was arrested seems irrelevant when both women positively identified him. We are not convinced that the trial court abused its discretion and that the comment by the district attorney served to improperly prejudice the jury or influence the verdict. We hold this issue is without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCE TO RUN CONSECUTIVELY TO A SENTENCE IMPOSED UPON THE DEFENDANT BY THE CIRCUIT COURT OF NESHOBA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
BRIDGES, C.J., MeMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.