820 So.2d 8 (2002)
Augusta HUGHES and Anthony Isby, Appellants,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01896-COA.
Court of Appeals of Mississippi.
January 15, 2002.
Rehearing Denied March 26, 2002.
Certiorari Denied June 27, 2002.
*9 William C. Bristow, Tupelo, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
Before McMILLIN, C.J., THOMAS, and MYERS, JJ.
THOMAS, J., for the Court.
¶ 1. Augusta Hughes and Anthony Isby were found guilty in the Circuit Court of Lee County of attempted armed robbery and were each sentenced to serve twenty-five years. Aggrieved, Hughes and Isby assert the following issues:
I. THE LOWER COURT ERRED IN DENYING HUGHES AND ISBY'S MOTIONS FOR DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE IN CHIEF AND AT THE CLOSE OF THE DEFENDANT'S CASE IN CHIEF.
II. THE LOWER COURT ERRED IN ITS FAILURE TO GRANT HUGHES AND ISBY'S MOTIONS FOR JUDGMENT NOTWITHSTANDING THE VERDICT (JNOV) WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.
III. THE LOWER COURT ERRED IN DENYING HUGHES AND ISBY'S MOTIONS TO SUPPRESS IMPROPER IDENTIFICATION AND LINEUP IDENTIFICATION TESTIMONY AND EVIDENCE AS UNTIMELY.
IV. THE LOWER COURT ERRED IN OVERRULING HUGHES AND ISBY'S OBJECTION TO STATEMENTS MADE IN THE PROSECUTION'S CLOSING ARGUMENT.
Finding no error, we affirm.

FACTS
¶ 2. In the early morning hours of July 5, 1997, Andrew Hairston, the manager of the Nettleton, Mississippi Sonic Drive In, and Peggy Sue Jones, a Sonic employee, closed down the Sonic and prepared to *10 leave. Ms. Jones was going to get a ride from Mr. Hairston and approached his vehicle on the passenger side. As Mr. Hairston approached the driver's side of his vehicle, two men, one armed with a sawedoff shotgun, accosted him and demanded any money he and Ms. Jones had. Mr. Hairston told the men that he had already deposited the day's receipts and that he had no money. He then threw the keys to his vehicle on the ground and asked that the men take it instead. The two men fled the scene on foot without taking anything from Mr. Hairston or Ms. Jones.
¶ 3. Mr. Hairston and Ms. Jones drove to the Nettleton Police Department and reported the incident. Mr. Hairston stated that he had seen the men before but did not know their names. Ms. Jones knew the man without the gun but not by name. Seven days later, Investigator Young with the Nettleton Police Department discovered two individuals, Augusta Hughes and Anthony Isby, being held in the Monroe County Jail in Aberdeen, Mississippi, who fit the descriptions provided by Hairston and Jones. Investigator Young had Mr. Hairston meet him at the Monroe County Jail in order to attempt to identify Hughes and Isby. Mr. Hairston viewed Hughes and Isby in the inmate library room and identified them as the armed robbers. Ms. Jones also traveled to the Monroe County Jail in order to identify the robbers. She picked Hughes and Isby out of a line-up of five inmates on July 14.
¶ 4. Hughes and Isby filed motions in July of 1999 to suppress the identification testimony. Neither motion was called before the court until August of 2000, when the case was called for trial. The reason given was that Hughes and Isby were not present and their attorneys felt that it was necessary for them to be present for the motion. The trial court denied the motions as untimely. At trial, Hughes and Isby presented three witnesses who offered alibi testimony. These witnesses testified that Hughes and Isby were present at "The Sticks" lounge on the night of the attempted robbery until after it had occurred. The State presented testimony by Mr. Hairston, Ms. Jones, and Investigator Young. At the conclusion of the trial, the jury found Hughes and Isby guilty of attempted armed robbery and were each sentenced to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections.

ANALYSIS

I. DID THE LOWER COURT ERR IN DENYING HUGHES AND ISBY'S MOTIONS FOR DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE IN CHIEF AND AT THE CLOSE OF THE DEFENDANT'S CASE IN CHIEF?

II. DID THE LOWER COURT ERR IN ITS FAILURE TO GRANT HUGHES AND ISBY'S MOTIONS FOR JUDGMENT NOTWITHSTANDING THE VERDICT?
¶ 5. Although Hughes and Isby assert two separate issues, both issues can be combined into one involving the lack of legal sufficiency of the evidence. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict all challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). "Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court." Id. This occurred when the lower court denied the motion for JNOV. Wetz v. State, 503 So.2d 803, 807-8 (Miss.1987). "If there is sufficient *11 evidence to support a verdict of guilty, this Court will not reverse." Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985).
¶ 6. This Court should reverse only where, "with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty." Alexander v. State, 759 So.2d 411, 421 (Miss.2000)(quoting Gossett v. State, 660 So.2d 1285, 1293 (Miss.1995)). It is the jury's duty to resolve conflicts in testimony. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). The evidence here was sufficient for a reasonable and fair minded jury to find Hughes and Isby guilty of the crime charged.

III. DID THE LOWER COURT ERR IN DENYING HUGHES AND ISBY'S MOTIONS TO SUPPRESS IMPROPER IDENTIFICATION AND LINEUP IDENTIFICATION TESTIMONY AND EVIDENCE AS UNTIMELY?
¶ 7. Hughes and Isby assert that the lower court erred in denying their motions to suppress identification testimony and lineup identification testimony and evidence as untimely. Uniform Rule of Circuit and County Court Procedure 2.04 states the following:
Failure to pursue a pretrial motion to hearing and decision before trial is deemed an abandonment of that motion; however, said motion may be heard after the commencement of trial in the discretion of the court.
Time limitations for actions to be taken by parties are within the rule-making authority of any court. Hines v. State, 472 So.2d 386, 389 (Miss.1985). Hughes and Isby failed to pursue their motions, and the trial court was within it authority when it ruled them to be untimely. We hold this issue is without merit.
¶ 8. If the motions had not been untimely and we were to examine the identifications of Hughes and Isby, we would look to the totality of the circumstances to determine if there was a substantial likelihood for misidentification. Wingate v. State, 794 So.2d 1039, 1042 (Miss.Ct.App. 2001). To determine this standard, we look to the factors set forth in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). They include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. Id. at 199, 93 S.Ct. 375.
¶ 9. In the case at hand, both Hairston and Jones had ample opportunity to view the attempted robbers in the parking lot. There was testimony that the lighting was sufficient, and the distance was close. Hairston testified that his degree of attention was high due to the fact that one of the attempted robbers was armed. The descriptions given were accurate enough to lead the investigators to Hughes and Isby. Hairston and Jones both immediately identified Hughes and Isby and testified that they were certain in their identifications. Investigator Young testified that Hairston was certain of the identifications immediately after viewing Hughes and Isby. Hairston and Jones also testified that they had seen the robbers before around town although they did not know them by name. The time between the crime and confrontation was one week. Even if the motion would not have been procedurally barred, an examination of the totality of the circumstances *12 shows that there would not have been a substantial likelihood for misidentification.

IV. DID THE LOWER COURT ERR IN OVERRULING HUGHES AND ISBY'S OBJECTION TO STATEMENTS MADE IN THE PROSECUTION'S CLOSING ARGUMENT?
¶ 10. Hughes and Isby argue that the prosecution's closing argument was improper because the prosecutor asked the jury "to imagine yourself closing your business or home being faced with a shotgun." Counsel is limited in his argument to facts introduced in evidence, deductions and conclusions he may reasonably draw therefrom, and the application of the law to the facts. Ivy v. State, 589 So.2d 1263, 1266 (Miss.1991); Davis v. State, 530 So.2d 694, 701-02 (Miss.1988). Furthermore, parties are given great latitude in making their closing arguments. Dunaway v. State, 551 So.2d 162, 163 (Miss.1989).
¶ 11. "Trial courts are allowed considerable discretion to determine whether or not the conduct of an attorney in argument is so prejudicial that an objection should be sustained or a new trial granted." Harvey v. State, 666 So.2d 798, 801 (Miss.1995) (citing Edmond v. State, 312 So.2d 702, 705 (Miss.1975)). "The test to make such determination is whether the natural and probable effect of improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by prejudice." Harvey, 666 So.2d at 801 (citing Johnson v. State, 596 So.2d 865, 869 (Miss.1992)).
¶ 12. "Prosecutors are afforded the right to argue anything in the State's closing argument that was presented as evidence." Hanner v. State, 465 So.2d 306, 311 (Miss.1985) (citations omitted). However, "it is error to argue statements of facts which are not in evidence or not necessarily inferable from it and which are prejudicial to the defense." Tubb v. State, 217 Miss. 741, 64 So.2d 911, 912 (1953).
Counsel was not required to be logical in argument; he is not required to draw sound conclusions, or to have a perfect argument measured by logical and rhetorical rules; his function is to draw conclusions and inferences from evidence on behalf of his client in whatever he deems proper, so long as he does not become abusive and go outside the confines of the record.
Johnson v. State, 416 So.2d 383, 391 (Miss. 1982) (citation omitted).
¶ 13. A conviction will not be reversed due to an improper remark during closing argument unless this Court is convinced that the remark influenced the jury and contributed to the verdict. In the present case, we are not convinced that the comment by the district attorney served to prejudice the jury and influence the verdict. We hold this issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF ATTEMPTED ARMED ROBBERY AND SENTENCE OF TWENTY FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS FOR EACH APPELLANT IS AFFIRMED. SENTENCES SHALL RUN CONSECUTIVELY WITH SENTENCES IN MONROE COUNTY AND APPELLANTS NOT ELIGIBLE FOR PAROLE UNTIL AFTER SERVING TEN YEARS. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, LEE, IRVING, MYERS, *13 CHANDLER AND BRANTLEY, JJ., CONCUR. KING, P.J., CONCURS IN RESULT ONLY.