854 So.2d 1077 (2003)
Timothy J. WILLIAMS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00581-COA.
Court of Appeals of Mississippi.
July 15, 2003.
Rehearing Denied September 23, 2003.
Pamela A. Ferrington, Natchez, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before SOUTHWICK, P.J., LEE and GRIFFIS, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY
¶ 1. On January 10, 2002, Timothy Williams was found guilty by a jury in the Circuit Court of Adams County of two counts of child fondling. Williams was sentenced to serve fifteen years on each count, to be served concurrently in the custody of the Mississippi Department of Corrections. From his conviction, Williams appeals to this Court asserting the following issues: (1) the lower court erred in denying his motion for a new trial; and (2) the lower court should have declared a mistrial after ruling that a discovery violation had occurred. Finding no merit to either issue, we affirm.

*1078 FACTS
¶ 2. On June 10, 2001, Williams was riding around Natchez in his truck with his girlfriend, Lekendria Goings, her younger sister, fifteen year old K.D., and two of their cousins, J.D., a ten year old female, and her brother, Gerald. Williams parked his truck in a rural area, and proceeded to have sex with Lekendria at the back of the truck while the other children waited in the cab of the truck. K.D. and J.D. both testified that, after this occurred, Williams said "next". K.D. then proceeded to the back of the truck where, with her pants down, Williams rubbed his penis against her vagina. According to the girls, Williams said "next" again and J.D. went to the back of the truck where the same act was performed on her.
¶ 3. This incident was reported to the police on June 23, 2001. Based upon the statements of K.D. and J.D., Williams was arrested shortly thereafter.

DISCUSSION OF ISSUES
I. DID THE LOWER COURT ERR IN DENYING WILLIAMS' MOTION FOR A NEW TRIAL?
¶ 4. With his first issue, Williams claims that his motion for a new trial should have been granted as a result of newly discovered evidence. Specifically, Williams contends that this new testimony, which consisted of a statement made by one of the victims that Williams never touched her, was incorrectly treated as impeachment evidence by the trial judge. Our standard of review concerning a motion for new trial states:
In reviewing the decision of the trial court on a motion for a new trial, this Court views all of the evidence in the light most consistent with the jury verdict. A motion for a new trial addresses the weight of the evidence and should only be granted to prevent an unconscionable injustice.
Daniels v. State, 742 So.2d 1140 (¶ 11) (Miss.1999) (citations omitted). Additionally, Rule 10.05 of the Uniform Circuit and County Court Rules describes the prerequisites for granting a new trial:
The court on written motion of the defendant may grant a new trial on any of the following grounds:
1. If required in the interests of justice;
2. If the verdict is contrary to law or the weight of the evidence;
3. Where new and material evidence is recently discovered which would probably produce a different result at a new trial, and such evidence could not have been discovered sooner, by reasonable diligence of the attorney;
4. If the jury has received any evidence, papers or documents, not authorized by the court, or the court has admitted illegal testimony, or excluded competent and legal testimony;
5. If the jurors, after retiring to deliberate upon the verdict, separated without leave of court; and
6. If the court has misdirected the jury in a material matter of law, or has failed to instruct the jury upon all questions of law necessary for their guidance....
URCCC 10.05. Furthermore, a lower court may be overruled if the court abuses its discretion in granting or denying a new trial based on newly discovered evidence. Ormond v. State, 599 So.2d 951, 962 (Miss. 1992).
¶ 5. In his brief, Williams argues that the testimony at the hearing on his motion for a new trial was new evidence that could not have been discovered sooner and that would probably have produced a different result at a new trial. At the hearing on the motion for a new trial, Jonathan Baldwin *1079 testified that prior to the trial K.D. had told him Williams had not touched her. After hearing this information from K.D., Baldwin told his mother, neither of whom did anything with this information. Baldwin also testified that, while riding on the school bus after the trial, K.D. responded with "no" when asked if Williams had touched her.
¶ 6. There were three other witnesses at the hearing who were there to corroborate Baldwin's testimony. However, two of the witnesses thought that the conversation on the bus may have been before the trial and one did not remember when he had heard the conversation. Furthermore, Williams was a good friend of the family of one of the witnesses. There was no mention of ever hearing J.D. state that the incident with Williams did not occur.
¶ 7. At the motion hearing, both K.D. and J.D. testified that neither of them had ever recanted their original testimony and that their testimony at trial was completely truthful. After the testimony, the judge stated the following:
The Court has heard the testimony from the witnesses and finds that under 10.05, 1well I guess back up. Let's go to Number 3, that this is not new evidence and all it is is impeachment of the two witnesses in the case. Saying that they said he didn't do it. I think they were cross-examined extensively on that same point during the trial. And these witnesses or at least the witnesses, the witness, I believe, Jonathan Baldwin was readily available before the trial. As to the statements he said he had with her in the cafeteria and I know that statement was made before the trial and he could have brought, been brought to trial to say that if he had been subpoenaed or as the defense had so desired. With that being said the Court finds that under a string of Mississippi cases, impeachment evidence is not sufficient to grant a new trial and for that reason the Court is going to overrule your motion for a new trial.
¶ 8. The Supreme Court has discussed the issue of what constitutes newly discovered evidence as it relates to the case sub judice. In Meeks v. State, 781 So.2d 109 (Miss.2001), Alvin Meeks had been convicted of capital murder, burglary, and assault, and later filed a motion for post-conviction relief, seeking a new trial based on new evidence. Meeks claimed that Tana Meeks, the eyewitness to his crime who testified at the trial, admitted to Charles Smith that she had lied at the trial. However, at the motion hearing Tana testified that she had never met Charles Smith or told anyone else that she lied at the trial. Tana stated that her testimony was the truth and never stated otherwise. The Supreme Court concluded that the testimony of Charles Smith was impeachment evidence at best, further stating that "testimony which only impeaches a witness's trial testimony does not constitute grounds for a new trial." Id. at ¶ 11. Meeks did not "prove by a preponderance of the evidence that material facts existed which required the vacation of his conviction." Id.
¶ 9. In the present case, we cannot find an abuse of discretion by the trial court. The trial court had the benefit of viewing the witnesses during their testimony and concluded that the evidence was not sufficient to warrant a new trial. We cannot find that an unconscionable injustice would result in denying Williams' motion for a new trial; thus, we affirm.
II. DID THE LOWER COURT ERR IN NOT GRANTING A MISTRIAL AFTER A DISCOVERY VIOLATION WAS DISCOVERED?
¶ 10. With his other issue, Williams claims that the trial court erred *1080 in failing to declare a mistrial after a witness for the prosecution made statements on the witness stand that had not been disclosed to Williams. The authority to declare a mistrial is left largely to the sound discretion of the trial judge. Pulphus v. State, 782 So.2d 1220 (¶ 10) (Miss. 2001). Within this authority is the discretion to determine whether the objectionable comment is so prejudicial that a mistrial should be declared. Edmond v. State, 312 So.2d 702, 706 (Miss.1975). Furthermore, when a trial judge instructs the jury, we must assume that the panel followed the instruction. Puckett v. State, 737 So.2d 322 (¶ 72) (Miss.1999).
¶ 11. A Detective Butler testified at the trial that Williams had verbally admitted to her and to another detective that he did not understand why he was being arrested since he had not penetrated either girl. This statement was not known to either side until the day of the trial. After hearing the testimony of Detective Butler and after an objection by Williams, the trial court stated that it was a discovery violation and that the jurors would be instructed to disregard the statement. The statement was also stricken from the record. The trial court stated to the jury:
The Court: The Court is going to direct that you disregard that statement as if it never happened. So you cannot consider that in your deliberations; do you understand that? The Court has stricken that from the record. It does not exist. So you can't use that in you deliberation. Do you understand that? Jurors: Yes.
In addition to this admonishment, the trial court, during jury instructions, told the jury again "to disregard all evidence which was excluded by the Court from consideration during the course of the trial."
¶ 12. We do take notice that at the time of the testimony by Detective Butler, Williams objected and then asked the court to strike any mention of the objectionable statement from the record and to instruct the jury not to consider that upon their deliberation. If a defendant who has been surprised by undisclosed discoverable evidence does not request a continuance at the time of such surprise, he waives this issue on appeal. Cole v. State, 525 So.2d 365, 370 (Miss.1987). Furthermore, in Blackwell v. State, 44 So.2d 409 (Miss. 1950), the Supreme Court stated:
It is now well settled that when anything transpires during the trial that would tend to prejudice the rights of the defendant, he cannot wait and take his chances with the jury on a favorable verdict and then obtain a reversal of the cause in this Court because of such error, but he must ask the trial court for a mistrial upon the happening of such occurrence when the same is of such nature as would entitled him to a mistrial. Such a motion was not made in the instant case, and since the trial judge did all he was asked to do at the time of the occurrence, the error complained of does not entitle the defendant to have the case reversed.
Id. at 410.
¶ 13. We cannot find that the trial court abused its discretion in failing to sua sponte grant a mistrial. Williams asked that the statement be stricken and the jury admonished not to consider it. The trial court granted this request immediately upon Williams' objection and took appropriate steps to instruct the jury. Williams did not request a mistrial or a continuance, and the trial court did not find it necessary to grant a mistrial sua sponte. As we find no abuse of discretion, we must affirm.
¶ 14. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT *1081 OF CONVICTION OF TWO COUNTS OF CHILD FONDLING AND SENTENCES OF FIFTEEN YEARS TO SERVE ON EACH COUNT, TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO ADAMS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.